Law Library

IN THE SUPERIOR COURT OF GUAM

SMALL CLAIMS DIVISION

AURELIA N. JALLORINA,                          )
                                               )   SMALL CLAIMS CASE NO. SD0839-12
                      Plaintiff,               )
                                               )
        vs.                                    )   DECISION ON MOTION
                                               )   FOR RECONSIDERATION OR
VASILIOS DRAPANIOTIS,                          )   FURTHER PROCEEDINGS;
                                               )
                      Defendants.              )
                                               )
                                               )
_____            )

**DECISION AND ORDER**

The matter before the Court came on Plaintiff Aurelia N. Jallorina ("Plaintiff") Motion for Reconsideration or Further Proceedings filed with the Court on November 27, 2012. In her Motion, Plaintiff claims that she has complied under Guam Law concerning the recovery of real property under Lease and if she has not, seeks guidance or clarification from the Court on the procedures she must undertake to obtain possession of her real property. Having reviewed the Memorandum presented and the applicable law, the Court now issues its Decision and Order concerning said Motion.

**DISCUSSION**

In her Motion, Plaintiff claims that 18 GCA § 51106 does not apply because the statute applies only where the term of the Lease is "not specified". Because the Lease itself expressly states it was a month-to-month Lease, Plaintiff claims that the Lease term is therefore specified

and 18 GCA § 51106 is inapplicable, and consequently a thirty (30) day notice terminating the month-to-month Lease is not required. 18 GCA § 51106 provides as follows:

## § 51106. Notice to Quit.

A hiring of real property, for a term not specified by the parties, is deemed to be renewed as stated in the last section, at the end of the term implied by law, unless one of the parties gives notice to the other of his intention to terminate the same, at least as long before the expiration thereof as the term of the hiring itself, not exceeding one month.

Notwithstanding that the express terms of the Lease required a thirty (30) day notice of termination by Plaintiff to terminate the Lease, we believe Plaintiff misreads the meaning of "a term not specified by the parties". This court interprets a "specified term" to mean a date certain (e.g. September 30, 2012) when a Lease is expressly stated by its terms to expire. In this case, a month-to-month Lease does not have a date certain to expire, as it requires a party to provide notice to the other informing the other as to when the Lease shall terminate. This Court therefore finds that 18 GCA § 51106 is applicable. Nevertheless, this Court finds that Plaintiff has complied with the thirty (30) day notice to terminate her month-to-month lease with Defendant.

Plaintiff next argues that 21 GCA § 5103 and §5105 is not applicable because no "right of reentry" was granted to Plaintiff by her lease with Defendant. These provisions provide as follows:

## § 5103. Reentry Generally.

Whenever the right of reentry is given to a grantor or lessor in any grant or lease, or otherwise, such reentry may be made at any time after the right has accrued, upon three (3) days' notice, as provided in 21 GCA '21103 and '21104.

## § 5104. Summary Proceedings.

Summary proceedings for obtaining possession of real property forcibly entered, or forcibly and unlawfully detained, are provided for in Chapter 21 of this Title.

**§ 5105. Notice Generally.**

An action for the possession of real property leased or granted, with a right of reentry, may be maintained at any time, after the right to reentry has accrued, without the notice prescribed in § 5103.

In reviewing Plaintiff's lease with Defendant, it is clear that a right to reentry was given to Plaintiff as Lessor under her lease. Paragraph 16 of the Lease provides in relevant part that "In the event of a default by Tenant, Owner may elect to…(b) at any time, terminate all of Tenant's rights and recover from Tenant all damages he or she may incur by reason of the breach of lease, including the cost of recovering the premises…" Plaintiff's complaint filed with the court alleges that termination of her lease with Defendant was the result of non-payment of rent by Defendant. This constitutes a default under the lease and consequently provides the landlord a subsequent right to reentry.

Plaintiff next argues that Guam's unlawful detainer statutes do not apply in this case because Plaintiff "has not sought to avail herself of "summary proceedings" for evicting her tenant of unlawful detainer". Plaintiff apparently takes a position that Guam's unlawful detainer statutes is simply a legal "option" available to her in the recovery of her real property under lease. For this proposition, Plaintiff cites 21 GCA § 21103(a) that provides that nothing in that provision "shall be construed as preventing the removal of such occupant in any other lawful manner." Plaintiff further cites 7 GCA § 4207 as somehow giving the Small Claims Court plenary authority to ignore Guam's unlawful detainer statutes.

Plaintiff does not cite authority as to what constitutes a lawful alternative to removing Defendant from Plaintiff's property other than 7 GCA § 4207. Moreover, this Court interprets 7 GCA § 4207 as simply giving it jurisdiction to address the real property issues presently before the Court. It does not necessarily give the Court authority to ignore Guam's unlawful detainer laws. Even if it does, this Court is unwilling to do so. Accordingly, if Plaintiff is requesting for this Court to consider issuing orders evicting Defendant from Plaintiff's premises, Plaintiff is ordered to comply with the requirements set forth under 21 GCA Chapter 21. This shall include delivering a three (3) day Notice to Quit to Defendant, and in the event Defendant fails to quit

the premises within said time, a Summons and Complaint be delivered to Defendant in accordance with 21 GCA §§ 21108 and 21109.

FEB 1 3 2013

SO ORDERED this _____ day of _____, 2012.



BENJAMIN C. SISON, JR., Court Referee
Superior Court of Guam

FEB 1 3 2013

Ryan T. Balajadia